UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HECTOR SILVA,

                Plaintiff,

    -against-

PENINSULA HOTEL and I.U.O.E. LOCAL 94B,

                Defendants.

05 Civ. 08261 (RJH) (TJK)

**MEMORANDUM OPINION AND ORDER**

---

      Plaintiff Hector Silva, proceeding pro se, brings suit against the Peninsula New York Hotel (the "Hotel") and the International Union of Operating Engineers, Local 94-94A-94B (the "Union"). Silva, a Hispanic male and former Hotel employee, brings three sets of claims against the Hotel under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Silva alleges that the Hotel failed to train and promote him, that the Hotel discriminated against him in its allocation of overtime, and that the Hotel suspended, and eventually terminated, his employment in retaliation for his claims of discrimination. Silva's amended complaint alleges that the Union discriminated against him on account of his race in violation of Title VII. Silva also accused the Union of "non-representation," which has been interpreted as a claim that the Union breached its duty of fair representation in connection with Silva's grievances against the Hotel.

      Defendants each moved for summary judgment on all of Silva's claims in his Amended Complaint. On May 18, 2007, Magistrate Judge Theodore Katz issued a

Report and Recommendation (the "Report") recommending that defendants' motions for summary judgment be granted, and that all of Silva's claims against defendants be dismissed. Silva filed timely objections to the Report ("Objections"); the Court has received no objections from defendants. For the reasons set forth below, the Court grants defendants' motions for summary judgment and adopts the Report in its entirety.

## DISCUSSION

The facts underlying Silva's claims are extensively outlined in the Report, familiarity with which is assumed, and which is attached to this Opinion for ease of reference.

### I.     Standard of Review

The district court adopts a magistrate judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson*, 618 F. Supp. at 1189. If, however, the party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Sanchez v. Dankert*, No. 03 Civ. 2276 (LTS), 2004 U.S. Dist. LEXIS 3716, 2004 WL 439502, at *1 (S.D.N.Y. Mar. 9, 2004); *accord Johnson v. City Univ. of New York*, No. 00 CV 4964 (WK), 2003 U.S. Dist. LEXIS 10615, 2003 WL 21435469, at *1

(S.D.N.Y. June 19, 2003); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).  "If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks and citations omitted).

## II.    Silva's Objections

For the most part, Silva's objections consist simply of a restatement of his bare claims of discrimination.  However, Silva's response appears to raise two specific objections to Judge Katz's Report.[1]  Silva first claims that he was not properly notified of the import of the motions for summary judgment as required by Local Civil Rule 56.2. (Objections 3.)

Second, Silva objects to the Report's characterization of the facts underlying his failure to train and promote claim, and seeks additional time to obtain documents relating

---

[1] Plaintiff also renews his Application for Appointment of Counsel. (Objections 2)    Plaintiff's original request for Counsel was denied by Judge Katz.  (Order Den. Application for Appointed Counsel (Mar. 22, 2006) ("Order") **[13]**.)  As Judge Katz's Order explained, appointment of pro bono counsel in a Title VII case is made at the discretion of the Court. *See* 28 U.S.C. § 2000e-5(f)(1).  The threshold issue for appointment of counsel is whether the "indigent's position seems likely to be of substance." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986)).  Judge Katz noted that the Equal Employment Opportunity Commission, the United States National Labor Relations Board and the New York Division of Human Rights each found plaintiff's various claims to be without merit. (Order 2–3.)  After its own review, the Court agrees with Judge Katz that none of plaintiff's claims are "of substance."  Plaintiff's failure to train and promote claim is time barred and unpersuasive as plaintiff could not demonstrate that he was, in fact, qualified for promotion. (Report 21–23, 30–33.)   His claim of discriminatory allocation of overtime assignments is unsupported and any inference arising from his limited overtime is contradicted by the substantial overtime assigned to one of plaintiff's co-workers who is also a Hispanic male. (*Id.* 33–38.)  Plaintiff's claim that the Hotel's escalating disciplinary sanctions including termination were retaliatory is undermined by his well-documented violations of the Hotel's employment policies that preceded each sanction.  (*Id.* 39–45.) Plaintiff voluntarily discontinued his otherwise time-barred claim that the Union discriminated against him. (*Id.* 45–49.)  Finally, Plaintiff's implicit claim of the Union's breach of its duty of fair representation is untimely as to most of the Union's representation and devoid of any indication that the Union's actions were "arbitrary, discriminatory, or in bad faith."  (*Id.* 52–59); *see also Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  In sum, whether or not counsel had been provided, none of Silva's claims were likely to succeed on the merits. Therefore the Court finds that plaintiff's claims do not merit appointment of counsel.

to grievances filed by the Union against the Hotel in 1995 and 1996 whose resolution Silva claims should have governed promotions to the position of Electronic Low Voltage Engineer. (Objections 4.)

Silva's first objection that he was not given proper notice as a pro se litigant under Local Civil Rule 56.2 is without merit. Such notice[2] was served on Mr. Silva on September 14, 2006 by Federal Express Mail and U.S Postal Service Mail. (Def. Hotel Mot. for Summ. J. 3.)

Silva's second objection is merely a repetition of arguments explicitly rejected by Judge Katz in his thorough and well-reasoned Report. Specifically, Silva's claim that he was qualified for the ELV position was considered by Judge Katz but rejected as time-barred and unsupported by specific admissible evidence. (Report 5, 21–23, 30–33.) Additionally, Silva's request for additional time to obtain documents relating to Union grievances against the Hotel from 1995 and 1996 is repetitive of earlier requests for additional discovery rejected by Judge Katz. (*See* Endorsed Letter (Sept. 5, 2006) **[22]**; Endorsed Letter (Sept. 22, 2006) **[30]**.) Moreover, the Court notes that the cited Union grievances were specifically settled by a 1997 Agreement signed by plaintiff. (Report 5; Voluntary Settlement Agreement, dated Apr. 3, 1997, Def. Hotel Mot. for Summ. J., Clarke Aff., Ex. L.)

---

[2] Though the Union should have filed its own 56.2 Notice with its motion for summary judgment, Mr. Silva was provided the requisite notice by the Hotel's 56.2 Notice. *See Covello v. Depository Trust Co.*, 212 F.Supp.2d 109, 116 (E.D.N.Y. 2002) (finding that "the statement filed by [one defendant] serves to satisfy the obligation of both defendants" where the motion for summary judgment containing notice was filed on or around the same day as the motion without it). The Hotel's motion for summary judgment and its 56.2 Notice were filed on the same day as the Union's motion. As Mr. Silva filed a specific opposition to the Union's motion including a rebuttal of the Union's statement of undisputed facts, it is clear that the Hotel's 56.2 Notice properly alerted Mr. Silva to the consequences of both defendants' motions for summary judgment. (Pl.'s Opp'n to Def. Union Mot. for Summ. J. 2–3.)

As plaintiff's objections "engage the district court in a rehashing of the same arguments" already made to, and addressed by, Judge Katz, the appropriate standard of review for the Report is clear error. *Edwards*, 414 F. Supp. 2d at 346–47. In its review, the Court found no clear error on the face of the record.

## CONCLUSION

Having concluded that no error appears on the face of the record, the Court hereby adopts the Report in its entirety, and grants defendants' motions for summary judgment **[24]**, **[26]**. The Clerk shall close this case.

SO ORDERED.

Dated: New York, New York
       September 13, 2007

_____

Richard J. Holwell
United States District Judge